## Clark, et al. v. Dorsey.

(Decided October 27, 1925.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Evidence—Evidence Held Sufficient to Support Verdict.—In action against a real estate dealer for value of an automobile which he agreed to give to plaintiff for procuring her father to sign contract authorizing sale of his farm, where plaintiff and her mother and father testified as to terms of agreement, and defendant testified alone, evidence held to support verdict for plaintiff.

L. R. CURTIS for appellants.

MILLER & MILLER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, D. C. Clark, at the times mentioned herein, was engaged in the real estate business in Louis-

ville, Kentucky. L. L. Dorsey, the father of appellee, Louise L. Dorsey, owned a large farm on the Shelbyville pike out of Louisville, near Anchorage, Kentucky. The parties agree that appellant agreed with appellee that if she would procure her father and mother to sign a contract authorizing appellant to subdivide and sell the farm he would give her a new Dodge sedan, valued then at $1,550.00. Appellee contends that the Dodge sedan was to be delivered to her June 1st, 1923. Appellant contends that the Dodge sedan was not to be delivered to her until a final settlement was had between him and L. L. Dorsey, the owner of the farm, growing out of its sale. That in short is the issue between the parties made by the pleadings and proof.

Upon the trial in the court below the jury awarded appellee a judgment for $1,550.00, the value of the car, and appellant has appealed.

By their testimony the parties agree that under the contract appellee procured her mother and father to sign and deliver to appellant the contract authorizing him to sell the farm. The only difference between the parties either in pleading or proof is as to when the car should be delivered. That question was submitted to the jury in an instruction concerning which appellant makes no complaint. His sole ground for reversal, as his case is presented to this court, is that the verdict is flagrantly against the evidence. We find that on the question in controversy appellee and her mother and father sustain her contention as to when the car was to be delivered, while appellant Clark alone testified for himself on that subject. Thus it appears that the evidence not only supports the verdict but preponderates in favor of its correctness. Appellant's contention that the verdict is not sustained by the evidence is wholly without merit.

Wherefore, the judgment herein is affirmed.